UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTELL JONES,

    Plaintiff,

v.

HEIDI WASHINGTON, SHERMAN CAMPBELL, BROCKWAY, JOHN DOE, PEEKS, UNKNOWN LEE, and UNKNOWN LINDBERG,

    Defendants.
_____/

Case No. 2:22-cv-11047
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION
TO DENY AS MOOT DEFENDANT'S MOTION TO DISMISS, OR
ALTERNATIVELY FOR SUMMARY JUDGMENT (ECF No. 27)**

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Martell Jones (Jones), proceeding *pro se* and *in forma pauperis*, filed a complaint naming the above listed defendants, who are employed by the Michigan Department of Corrections (MDOC). (ECF No. 1). Under 28 U.S.C. § 636(b), all pretrial matters were referred to the undersigned. (ECF No. 13).

Before the court is a motion to dismiss, or alternatively for summary judgment on the basis of exhaustion, from all named defendants except for

1

Unknown Lindberg (Lindberg). (ECF No. 27). Defendants Heidi Washington (Washington), Sherman Campbell (Campbell), Peeks, and Unknown Lee (Lee) argue that Jones has failed to state a claim against them. They also argue, joined by Brockway, that the claims against them should be dismissed because Jones failed to properly exhaust all administrative remedies against them before bringing suit.

In lieu of a response, Jones filed an amended complaint "as a matter of course, pursuant to Fed. R. Civ. P. 15(a)(1)." (ECF No. 31, PageID.173). In the amended complaint, Jones identified the defendants by their full names, added direct allegations against each named defendant, and addressed his efforts to exhaust his remedies through the MDOC grievance system. *See generally* ECF No. 31. Defendants did not respond to the amended complaint, and neither party has made any subsequent filings.

Because the amended complaint supersedes the original complaint, as discussed below, it is RECOMMENED that Defendants' dispositive motion (ECF No. 27) be DENIED AS MOOT. If this recommendation is adopted, Jones' amended complaint (ECF No. 31) should be considered the operative complaint, and the case caption should be amended with Defendants' full names and titles as noted below. Defendants may file a new dispositive motion that specifically addresses the allegations in the amended complaint.

II. Discussion

A. Defendants' Motion

1. Failure to State a Claim

Defendants first argue that Jones has failed to state a claim against Washington, Campbell, Peeks, or Lee, based on his original complaint.

Liability under § 1983 must be based on more than merely the right to control employees. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325-326 (1981); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694-695 (1978). To make out a claim under § 1983, Wilson needed to allege that Sherriff Bouchard "through his ... own individual actions, *personally violated* [Jones'] rights under clearly established law." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original). "It is well-settled that '[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior*.'" *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). The Sixth Circuit "ha[s] long held that supervisory liability requires some 'active unconstitutional behavior' on the part of the supervisor." *Peatross*, 818 F.3d at 241 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

Defendants say that Jones did not allege any specific conduct by Campbell, Peeks, and Lee whatsoever in the original complaint. As for Washington, who is

3

the Director of MDOC, Defendants argue that Jones' claims amount to (1) maintaining discriminatory policies and practices and (2) failure to properly train staff, which they argue are conclusory allegations that do not meet the pleading requirements of a *Monell* claim.  (ECF No. 27, PageID.124 (citing ECF No. 1, PageID.15)).

                      2.      Exhaustion of Administrative Remedies

Defendants' second argument is that as to Washington, Campbell, Peeks, Lee, and Brockway, Jones failed to exhaust his administrative remedies through the MDOC grievance system, thereby rendering his claims against them unripe.

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted).  Requiring exhaustion gives prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007).  The PLRA does not detail what "proper

4

exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218.

The MDOC has established a three-step process to review and resolve prisoner grievances, and "a grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted." *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012). Defendants attach to their motion for summary judgment a Step III grievance report for Jones, explaining that Jones failed to take any grievance relating to the claims in the original complaint through Step III of the MDOC grievance process. This, they argue, renders his claims against Washington, Campbell, Peeks, Lee, and Brockway unexhausted.

B. Jones' Amended Complaint

As mentioned above, in lieu of responding to Defendants' motion, Jones filed an amended complaint, which he says was filed "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1). (ECF No. 31, PageID.173). The Court construes Jones' amended complaint as a motion for leave to amend. Rule 15(a)(1) allows a party to amend its pleading once, as a matter of course, but only within 21 days of service of a responsive pleading or Rule 12(b), (e), or (f) motion. Rule 15(a)(2) allows that other amendments may be made with the court's leave, which the court should give freely when justice so requires. Under Rule 15(a)(2), Jones' motion for leave to amend should only be denied if "there is 'undue delay,

5

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Brown v. Chapman*, 814 F.3d 436, 442-443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, it appears that Jones' amended complaint was filed within this timeframe. Defendants filed their motion on March 1, 2023. Jones signed and dated the amended complaint on March 22, 2023. Under the prison mailbox rule,[1] it is deemed filed on that date, which is within 21 days of service[2] of Defendants' motion.

In the amended complaint, Jones alleges that was repeatedly sexually harassed and assaulted by Lindberg, an MDOC corrections officer at his facility. (ECF No. 31). He alleges that he reported the harassment, and then the assaults, to another corrections officer, Brockway, who not only ignored his complaints but threatened retaliation for making them. (*Id.*). Brockway eventually retaliated

---

[1] The "relaxed filing standard" of the prison mailbox rule permits the presumption a prisoner submits a pleading for mailing the same day he or she signs it, and that date is considered the filing date. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citation omitted). *See also Houston v. Lack*, 487 U.S. 266, 270-72 (1988)).

[2] The federal rules add an additional three (3) days for service, Fed. R. Civ. P. 6(d); but when, as here, the filing deadline falls on a weekend or federal holiday, it is moved to the next business day, Fed. R. Civ. P. 6(a)(1)(C).

against Jones by having Jones discharged from his residential treatment program for mental health, and Jones was transferred to an outpatient program at a different facility. (*Id.*). There, Jones attempted suicide, which resulted in his transfer to yet another facility and its "health crisis stabilization program." (*Id.*, PageID.193-194). Jones then reported the abuse he had suffered at the hands of Lindberg, but after an investigation, he was transferred back to his original facility, where he was harassed and retaliated against by staff. (*Id.*, PageID.194). Another investigation was done, and after that, Jones appealed. (*Id.*). His appeal was denied, because there was no initial or Step II grievance on file, and because "you cannot grieve the outcome of an investigation." (*Id.*, PageID.194-195).

As for the other Defendants, Jones alleges that Peeks, Lee, and John Doe knew of Lindberg's harassment against Jones but failed to intervene by allowing Lindberg to repeatedly occupy cells with prisoners, unsupervised, and place them in restraints. (*Id.*, PageID.189-190). He further alleges that Campbell, warden of the facility at relevant times, and Washington failed to adequately train, supervise, manage, and discipline their staff. (*Id.*, PageID.195-202). He also alleges that Washington, as a policymaker, did not implement and promulgate policies and procedures that could have prevented his constitutional deprivations. (*Id.*, PageID.200-201).

Because Jones' amended complaint was filed within 21 days of service of Defendants' motion, it should be accepted as a matter of course. Even if it was not timely, it should still be accepted because, as explained above, it clarifies his claims and attempts to address the deficiencies outlined in Defendants' motions to dismiss and for summary judgment. Therefore, if this Report and Recommendation is adopted, Jones' amended complaint at ECF No. 31 should govern.

### C. Mootness

Separately, the undersigned must consider the impact of the amended complaint on Defendants' pending motion to dismiss or alternatively for summary judgment. Generally, an "amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot." *Ky. Press Ass'n v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (holding that the amended complaint supersedes all previous complaints and becomes the operative pleading)); *see also Glass v. Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." (footnote omitted)).

However, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Yates v. Applied Performance Techs.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) (citations omitted). "That is particularly true if the amended complaint is 'substantially identical to the original complaint.' " *Klein by Klein v. Caterpillar Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (citing *Mandali v. Clark*, No. 2:13-cv-1210, 2014 WL 5089423 at *2 (S.D. Ohio Oct. 9, 2014)).

Here, the amended complaint is not substantially identical to the original. Although it refers to the same events and defendants, Jones has amended his complaint to include allegations against each individual defendant. He has also addressed his efforts to exhaust administrative remedies, noting for instance that he was instructed that the results of an investigation cannot be grieved. This is not to say that his claims would survive a renewed motion to dismiss or for summary judgment, and Defendants are free to advance those arguments again with specific reference to the amended complaint. However, because the amended complaint supersedes the original complaint, the undersigned recommends that Defendants' motion relating to the original complaint be denied as moot.

### III. Conclusion

For the reasons stated above, it is RECOMMENED that Defendants' motion to dismiss or alternatively for summary judgment (ECF No. 27) be DENIED AS

9

MOOT.  If this recommendation is adopted, Jones' amended complaint (ECF No. 31) should be considered the operative complaint, and the case caption should be amended accordingly with Defendants' full names and titles.  The Defendants would then be listed as follows:  HEIDI WASHINGTON, MDOC Director; SHERMAN CAMPBELL, former Warden; MARCY BROCKWAY, Resident Unit Manager; JOHN DOE, Lieutenant; AMANDA PEEKS, Sergeant; BRANDON LEE, Sergeant; and WILLIAM LINDBERG, former Corrections Officer.  Defendants may file a new dispositive motion that specifically addresses the allegations in the amended complaint.

Dated: April 20, 2023                     s/Kimberly G. Altman
Detroit, Michigan                           KIMBERLY G. ALTMAN
                                            United States Magistrate Judge

### **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 20, 2023.

                                              s/Carolyn Ciesla
                                              CAROLYN CIESLA
                                              Case Manager