UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTELL JONES,

    Plaintiff,

v.

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

Case No.  2:22-cv-11047
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

### ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO TAKE PLAINTIFF'S DEPOSITION (ECF No. 52)

I.     Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Martell Jones (Jones), proceeding *pro se*, sued several defendants.  Following motion practice, Jones' claims against Brockway, Lindberg, and John Doe remain for merits discovery.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 13).  Under the current scheduling order, discovery closes on June 14, 2024.  (ECF No. 51).

Before the Court is the remaining defendants' motion for leave to take Jones' deposition.  (ECF No. 52).  For the reasons that follow, the motion will be GRANTED.

II.     Discussion

1

Federal Rule of Civil Procedure 30 provides broad access to persons for depositions. Rule 30(a)(2)(B), however, requires a party to obtain leave of court where, as here, "the deponent is confined in prison." In determining whether it is appropriate to grant leave to conduct such a deposition, Rule 30(a)(2) provides that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)[.]"

According to Rule 26(b)(1), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Thus, the "language of Rule 30(a)(2) *requires* the Court to authorize a deposition unless the deponent is seeking privileged, irrelevant, or unnecessarily costly information." *McGinnis v. Huq*, No. 16-cv-13461, 2017 WL 1044989, at *1 (E.D. Mich. Mar. 20, 2017) (emphasis in original).

Considering these factors, the Court concludes that defendants' request to depose Jones is consistent with the applicable Federal Rules of Civil Procedure and otherwise appropriate.

### III.   Conclusion

For the reasons stated above, defendants' motion to take Jones' deposition, (ECF No. 52), is GRANTED. While it appears that Jones is currently confined at

the Baraga Correctional Facility, defendants may depose him at whichever MDOC facility he is confined to on the date of the deposition. Defendants may conduct Jones's deposition either in person or via Zoom or another similar platform.

SO ORDERED.

Dated: May 30, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 30, 2024.

s/Julie Owens  
Acting in the absence of  
CAROLYN M. CIESLA  
Case Manager

3