UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTELL JONES,

    Plaintiff,

v.

MARCY BROCKWAY, WILLIAM
LINDBERG, and JOHN DOE,

    Defendants.
_____/

Case No.  2:22-cv-11047
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

## ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL (ECF No. 54) AND RESOLVING PLAINTIFF'S MOTION TO STAY PROCEEDINGS (ECF No. 59) AND EXTENDING TIME FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINITFF'S MOTION TO FILE ONE COPY OF DOCUMENTS (ECF No. 60)

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Martell Jones (Jones), proceeding *pro se*, sued several defendants for allegedly violating his constitutional rights.  Following motion practice, Jones' claims against Brockway, Lindberg, and John Doe remain.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 13).

1

Before the Court are the following motions filed by Jones:

- Motion to Compel Discovery, (ECF No. 54);

- Motion to Stay Proceedings, (ECF No. 59); and

- Motion for Leave to File One Copy of Documents Docketed as ECF No. 59, ECF No. 60, ECF No. 61, and ECF No. 62, (ECF No. 60).

For the reasons that follow, Jones' motion to compel will be DENIED. Jones' motion to stay proceedings relates to his response to defendants' pending motion for summary judgment, (ECF No. 56), which is due August 16, 2024. This motion will be deemed resolved by extending the date by which his response to defendants' pending motion is due. Jones' response to defendants' motion for summary judgment will be due **August 30, 2024**. If Jones files a response, defendants may file a reply by the normal deadline by which replies are due. Finally, Jones' motion for leave to file one copy of various documents he already filed will be GRANTED. However, this waiver of federal and local rules does not apply to any future filings.

## II. Motion to Compel

### A. The Motion and Response

In his motion to compel, Jones states that he served defendants with interrogatories, requests for production, and requests for admissions, and that he

2

received responses to each that appear to have been timely. (ECF No. 54, PageID.418).

Jones did not attach his requests or defendants' responses, but he says that "[v]ideo recordings created by the D-Wing surveillance cameras at Housing Unit 5 on the 16th, 17th, 18th, and 23rd, of August 2021 will show interactions between Lindberg and [him]" and are relevant to the claims and defenses in this case. (*Id.*, PageID.419). He also says that "[t]he identity of Defendant John Doe, who is a Lieutenant, remains unknown to me." (*Id.*).

Defendants respond that Jones' motion should be denied for lack of proper service, as untimely, and because defendants have properly responded to all discovery requests received. (ECF No. 58). After filing their response, the Court directed defendants to provide a copy of Jones' discovery requests and their responses to those requests, in order to assist the undersigned in ruling on the motion to compel. (ECF No. 63). Defendants complied with that order on August 7, 2024. (ECF No. 64).

### B.     Standard

The scope of discovery permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

3

discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The scope, however, may be "limited by court order," *id.*, meaning it is within the sound discretion of the Court. *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) ("Further, a court has broad discretion over discovery matters . . . and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion.") (internal citation omitted). Moreover, discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence." Fed. R. Civ. P. 26(b)(1).

If a party believes that another party is not complying with discovery requests, then it may file a motion to compel. Motions to compel are governed by Federal Rule of Civil Procedure 37(a)(3)(B), which states, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

C. Discussion

The Court has reviewed the discovery requests and defendants' responses and finds that defendants have adequately responded to Jones' discovery requests.

Thus, the Court need not address whether the motion should be denied for untimeliness or a lack of service.[1]

In the interrogatories and requests for production sent to Brockway and Lindberg, defendants reasonably respond that they do not have access to the video surveillance recordings that Jones seeks. (ECF No. 64-1, PageID.609-630). Brockway does not have access to the videos in her scope of employment with the Michigan Department of Corrections, and Lindberg is now retired. (*Id.*). Defense counsel also notes that upon inquiry, the recordings Jones seeks are no longer available because Jones waited several months before initiating grievance procedures that would have triggered a preservation of documents. (ECF No. 58, PageID.558). Jones has offered no reason that these objections should be disturbed.

As for the identity of the unnamed defendant, Brockway stated that she did not recall which if any lieutenant was assigned to Jones' housing unit in August 2021. (ECF No. 64-1, PageID.614). The Court cannot require Brockway to obtain and provide information that she does not recall, and thus, cannot offer recourse to Jones' request for the lieutenant's identity.

---

[1] *See Lipton L. Ctr., P.C. v. Andrus Wagstaff, PC*, No. 2:22-CV-11519, 2023 WL 5808822, at *3 (E.D. Mich. Sept. 7, 2023) (explaining that while some courts have denied motions to compel filed after the discovery deadline, other courts have found that there is no bright-line rule requiring a time limit for motions to compel to be filed).

In short, defendants have met their discovery obligations.

### III.  Other Motions

Also before the Court are Jones' motions for a stay, (ECF No. 59), and for leave to file a single copy of his recently filed papers, (ECF No. 60).

As to the motion to stay, this court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  However, "it is . . . clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay."  *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Jones' request for a stay amounts to needing more time to respond to defendants' motion for summary judgment, (ECF No. 56), due to his desire for additional discovery responses from defendants.  As explained above, defendants' responses were sufficient.  The Court will resolve Jones' motion for a stay by granting him additional time to respond to the summary judgment motion.  The deadline for Jones' response to defendants' motion for summary judgment will be extended to **August 30, 2024**.

6

As for Jones' request to file single copies of certain papers, (ECF No. 60), this motion is granted. However, this waiver of federal and local rules, which require service of an original and judge's copy to the Court and a copy served to defendants, does not apply to any future filings. In other words, going forward Jones must submit the required copies for any of his future filings.

## IV. Conclusion

For the reasons stated above, Jones' motion to compel, (ECF No. 54), is DENIED. His motion for a stay, (ECF No. 59), is resolved by extending the date by which his response to defendants' pending motion is due to **August 30, 2024**. His motion for leave to file one copy of various documents, (ECF No. 60), is GRANTED, and his filings have been considered. However, this waiver of federal and local rules does not apply to any of Jones' future filings.

SO ORDERED.

Dated: August 9, 2024　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 9, 2024.

　　　　　　　　　　　　　　　　　　　　s/Carolyn M. Ciesla
　　　　　　　　　　　　　　　　　　　　CAROLYN M. CIESLA
　　　　　　　　　　　　　　　　　　　　Case Manager